IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NUMBER 4:22-CV-44-JHM

BARRY RICKARD					PLAINTIFFS

and

MYRTLE RICKARD

VS.

HOME DEPOT U.S.A., INC.				DEFENDANT
2455 Paces Ferry Road
Atlanta, Georgia 30339

     Serve:    Corporation Service Company
                 421 West Main Street
                 Frankfort, Kentucky 40601
                 **Registered Agent**

---

## COMPLAINT

Plaintiffs, Barry Rickard and Myrtle Rickard, for their complaint against the defendant, Home Depot, USA, Inc., state as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Plaintiffs, Barry Rickard, (hereinafter "Barry"), and Myrtle Rickard (hereinafter "Myrtle") were at all times relevant hereto, a married couple, residing in McLean County, Kentucky.

2. To the best of Barry and Myrtle's knowledge, Defendant, Home Depot U.S.A., Inc., (hereinafter "Home Depot"), is a foreign corporation and is authorized to do business in the Commonwealth of Kentucky, with its principal place of business at 2455 Paces Ferry Road,

Atlanta, Georgia 30339. Corporation Service Company is listed as the Registered Agent with the Kentucky Secretary of State with an address of 421 West Main Street, Frankfort, Kentucky 40601.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) as the amount in controversy for Plaintiffs, exclusive of interest and costs, exceeds $75,000.00, and the Plaintiffs are citizens of a state different than the Defendant.

4. Venue is proper in this Court under 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to this action occurred at the Home Depot store number 2317 operating business at 5150 US Hwy 431, Owensboro, Daviess County, Kentucky.

## ACTIONABLE OCCURRENCE

5. On or about April 10, 2021, Home Depot store number 2317 was an open and operating business at 5150 US Hwy 431, Owensboro, Kentucky 42301, and thereby invited Barry and Myrtle onto the property for the purposes of conducting business beneficial to Home Depot.

6. On or about April 10, 2021, Barry and Myrtle were inside and outside Home Depot's premises in Owensboro for the purpose of conducting business.

7. Because Home Depot was offering for sale goods and Barry and Myrtle were shopping for said goods, there existed a mutuality of benefit between Barry, Myrtle and Home Depot.

8. At all times relevant herein, Barry and Myrtle were business invitees of Home Depot.

9. At all times relevant herein, the premises located at 5150 US Hwy 431, Owensboro, Kentucky 42301, was under the ownership, control and management of Home Depot.

10. On or about April 10, 2021, Barry and Myrtle were shopping for a zero turn mower and located and purchased a zero turn mower from Home Depot.

11. On said date, Barry and Myrtle were instructed by Home Depot employees to pull their truck up to the store so the zero turn mower could be loaded into the truck bed.

12. Upon pulling his truck to the designated area, two Home Depot employees placed loading ramps, which were owned by Home Depot, on Barry and Myrtle's truck and instructed Barry to drive the zero turn mower up the ramps into the bed of the truck.

13. One or both of the Home Depot employees instructed Barry to drive the zero turn mower forward facing up the ramps which the Home Depot employees had put in place.

14. Upon attempting to drive the zero turn mower up the ramps, the zero turn mower flipped backwards over and onto Barry causing him to suffer severe injuries.

## COUNT I – NEGLIGENCE

15. All of the allegations contained in paragraphs one (1) through fourteen (14) above are incorporated herein by reference.

16. Home Depot had a duty to keep its premises in a reasonably safe condition, which included a duty to discover dangerous conditions, and fix, safeguard, secure and/or adequately warn of such conditions, thereby making the premises safe for its Business Invitees, including Barry.

17. Home Depot had a duty to warn or guard its business invitees, including Barry, against dangerous conditions on the premises, including those created by its own employees.

18. Home Depot had a duty to refrain from creating a dangerous condition for its business invitees, including Barry by creating an unsafe means of loading the zero turn mower.

19. Home Depot either knew of the dangerous condition created by the ramps or should have known, and failed to correct the condition, thereby negligently breaching the aforementioned duty.

20. Home Depot should have expected that Barry could not appreciate the danger created by the ramps as he expected the employees had been or should have been trained in proper loading of zero turn mowers.

21. The actions and/or inactions of the Home Depot and its employees and/or agents were performed with the purpose of serving the interests of the Home Depot and within the course and scope of their employment and/or agency. Home Depot is therefore vicariously liable for their employees' actions and/or inactions and the resulting injuries and damages to Barry.

22. As a direct and proximate result of the negligent, careless and wanton conduct of Home Depot, Barry suffered severe and permanent bodily, mental and emotional injuries; endured and will continue in the future to endure physical, mental and emotional pain and suffering; and will continue in the future to incur hospital and medical expenses.

SEE DEMAND AT END OF ALL COUNTS

**COUNT II – NEGLIGENT, HIRING, TRAINING AND SUPERVISING OR RETAINING DANGEROUS EMPLOYEES AND/OR AGENTS**

23. All of the allegations contained in paragraphs one (1) through twenty-two (22) above are incorporated herein by reference.

24. At all material times herein mentioned, Home Depot owed Barry a duty of reasonable care in the hiring, training, supervision, and retaining, of all its employees and/or agents that dealt with Barry.

25. Home Depot breached their duties by hiring, training, supervising, and/or retaining employees and/or agents that negligently, consciously, and recklessly placed ramps on Barry's truck and instructed him to drive up the ramps in his zero turn mower when it was unsafe to do so.

26. As a direct, actual and proximate result of negligent hiring, training, supervising or retaining their employees and/or agents, Barry has suffered severe and permanent bodily, mental

and emotional injuries; endured and will continue in the future to endure physical, mental and emotional pain and suffering; and will continue in the future to incur hospital and medical expenses.

SEE DEMAND AT END OF ALL COUNTS

### COUNT III – *RESPONDENT SUPERIOR OF HOME DEPOT*

27. All of the allegations contained in paragraphs one (1) through twenty-six (26) above are incorporated herein by reference.

28. At all times relevant hereto, the employees and/or agents who instructed and assisted Barry with the loading of the zero turn mower were employees and/or agents of Home Depot and were acting within the course and scope of their employment and/or agency at the time of the incident.

29. Home Depot is vicariously liable for the negligent, careless and wanton acts, and the damages resulting therefrom, of its employee and/or agent pursuant to the doctrine of *respondent superior*.

30. As a direct, actual and proximate result of Home Depot's employees and/or agents conduct complained of herein, Barry has suffered severe and permanent bodily, mental and emotional injuries; endured and will continue in the future to endure physical, mental and emotional pain and suffering; and will continue in the future to incur hospital and medical expenses, for which Home Depot is vicariously liable for pursuant to the doctrine of *respondent superior.*

SEE DEMAND AT END OF ALL COUNTS

### COUNT IV – LOSS OF CONSORTIUM

31. All of the allegations contained in paragraphs one (1) through thirty (30) above are incorporated herein by reference.

32. The negligence of Home Depot and their employees and/or agents complained of herein was a substantial factor in causing Myrtle to suffer, and to continue in the future to suffer, the loss of consortium, companionship, services and assistance of her husband, Barry.

WHEREFORE, Plaintiffs, Barry Rickard and Myrtle Rickard, demand judgment against defendant, Home Depot, U.S.A., Inc., as follows:

- A. Compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court;
- B. Any relevant civil penalties;
- C. Their costs expended herein;
- D. A reasonable attorney's fee;
- E. Pre-judgment and post-judgment interest;
- F. Trial by jury; and
- G. All other relief to which he may appear to be entitled.

Respectfully submitted,

/s/ Hollie B. Lindsey
Travis L. Holtrey (KY Bar No. 86224)
Hollie B. Lindsey (KY Bar No. 93171)
FOREMAN • WATSON • HOLTREY, LLP
127 East Washington Street
Hartford, Kentucky 42347
Telephone: 270-298-7435
*Counsel for Plaintiffs*